UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
                              )
ROBERT SPILSBURY, et al.,     )
                              )
          Plaintiffs,         )
     v.                       )   Civil Action No. 02-374 (EGS)
                              )
DISTRICT OF COLUMBIA, et al., )
                              )
          Defendants.         )
_____)
```

**MEMORANDUM OPINION & ORDER**

Plaintiffs are children eligible for special education and related services under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400 *et seq.* (2003). Plaintiffs come before the Court having previously been awarded injunctive relief in the form of "stay-put" protection and reimbursement for expenses associated with maintaining their educational placements at the McLean School, a private school serving children with learning disabilities. *See Spilsbury v. District of Columbia*, No. 02-374, Order (March 8, 2002); *Spilsbury v. District of Columbia*, No. 02-374, Mem. Op. & Order (March 10, 2004).

Plaintiffs now seek reimbursement of their attorneys' fees incurred in pursuing that final relief. Defendants neither contest plaintiffs' status as "prevailing parties," nor the total amount claimed for attorneys' fees. Rather, defendants resist

1

the full *payment* of attorneys' fees, arguing that the District's liability is limited by a statutory fee cap for claims brought under the IDEA. *See* Resp. to Mot. for Costs and Expenses. Plaintiffs contend that the fee cap does not apply, because "this is not an IDEA action, but a suit brought under [42 U.S.C.] Section 1983 to enforce IDEA rights." *See* Notice of Legal Authority at 4.

Although the Court acknowledges the line of cases awarding relief under Section 1983 for violations of IDEA rights, this case was presented, argued and properly decided under the IDEA. Accordingly, the Court will order the payment of attorneys' fees under the IDEA pursuant to *Calloway v. District of Columbia*, 216 F.3d 1, 9 (D.C. Cir. 2000), subject to any applicable statutory fee cap. However, the Court expressly leaves for another day the issue of whether an award of attorneys' fees under 42 U.S.C. § 1983 is subject to a statutory cap.

I.   **BACKGROUND**

The IDEA includes a fee-shifting provision that allows judges, in their discretion, to award reasonable attorneys' fees to prevailing parties in IDEA actions. *See* 20 U.S.C. § 1415(i)(3)(B). Although the courts' authority to *award* attorney fees under this section is not limited, Congress in 1998 passed an appropriations rider which limited the attorneys' fees the

District of Columbia could *pay* under the IDEA.[1]  *See Calloway*, 216 F.3d at 9.  Specifically, the 2004 version of the fee cap prohibits the District of Columbia from paying attorneys' fees in excess of $4,000 in cases "brought against the District of Columbia Public Schools under the Individuals with Disabilities Education Act...."  *See* Consolidated Appropriations Act for 2004, Pub. L. No. 108-199, 118 Stat. 141 § 432 (2004).

The primary issue here is whether this statutory fee cap limits in any way the attorneys' fees plaintiffs are requesting in this case.  Plaintiffs contend that it does not, as their suit "is not an IDEA action, but a suit brought under [20 U.S.C.] Section 1983 to enforce IDEA rights."  Notice of Legal Authority at 4.  Defendants, on the other hand, argue that plaintiffs' motion should be viewed solely through the IDEA prism, as "section 1983 serves no role independent of the underlying IDEA claim."  *See* Resp. to Legal Authority at 4.  Therefore, according

---

[1] The rider imposed caps on the amount of compensation the District could pay lawyers of parents who prevail in cases brought under the IDEA.  *See* Section 130 of the Omnibus Consolidated and Emergency Supplemental Appropriations Act of 1999, Pub. L. 105-277, 112 Stat. 2681 (October 21, 1998).  Congress included similar riders in each subsequent year with the exception of Fiscal Year 2002.  *See* Section 432 of the Consolidated Appropriations Act of 2004, Pub. L. No. 108-199, 118 Stat. 3 (2004); Section 144 of the District of Columbia Appropriations Act of 2003, Pub. L. No. 108-7, 117 Stat. 11 (2003); Section 122 of the District of Columbia Appropriations Act of 2001, Pub. L. No. 106-522, 114 Stat. 2440, 2464 (2000); and Section 129 of the District of Columbia Appropriations Act of 2000, Pub. L. No. 106-113, 113 Stat. 1501, 1517 (1999).

to defendants, any attorneys' fees awarded by this Court should be subject to the statutory fee cap.

## II. ANALYSIS

Courts in this jurisdiction have acknowledged at least two categories of suits available to families to enforce rights created by the IDEA. The first are suits brought directly under IDEA, pursuant to 20 U.S.C. § 1415(i). *See Kaseman v. District of Columbia*, 329 F. Supp. 2d 20, 30 (D.D.C. 2004). The second are suits brought not under IDEA, but pursuant to alternative civil rights remedies, including 42 U.S.C. § 1983, in order to vindicate rights accorded under IDEA. *See Johnson v. District of Columbia*, 190 F. Supp. 2d 34, 46-47 (D.D.C. 2002); *Blackman v. District of Columbia*, 145 F. Supp. 2d 47, 51-52 (D.D.C. 2001); *Zearley v. Ackerman*, 116 F. Supp. 2d 109, 114 (D.D.C. 2000); *Petties v. District of Columbia*, 55 F. Supp. 2d 17, 19 (D.D.C. 1999); *Walker v. District of Columbia*, 969 F. Supp. 794, 797 (D.D.C. 1997). Courts have further held that "while the statutory cap on attorneys' fees applies to actions brought directly under IDEA, the cap does not apply to fee awards in actions brought pursuant to section 1983 to enforce rights accorded under IDEA."[2] *Kaseman*, 329 F. Supp. 2d at 30; *accord*

---

[2] Attorneys' fees are not awarded directly under Section 1983, but rather pursuant to 42 U.S.C. § 1988(b), which provides for the award of attorneys' fees and costs to "prevailing part[ies]" in "any action or proceeding to enforce" Section 1983

*Blackman*, 145 F. Supp. 2d at 50-51; *Petties*, 55 F. Supp. 2d at 18.[3]

This line of cases rests, in part, on the significance of IDEA's "savings clause," which preserves plaintiffs' "rights, procedures, and remedies" available under the Constitution or other federal laws.  *See* 20 U.S.C. § 1415(l).[4]  "What Congress recognized in passing Section 1415(l)," according to the District Court in *Petties*, "was that there are some people who have interests under the [IDEA] ... that don't qualify to go to court under Section 1415(i)."  *See Petties*, No. 95-148, Tr. at 97-98 (D.D.C. May 12, 1999)(cited in *Blackman*, 145 F. Supp. 2d at 51-

---

or several other listed civil rights laws.

[3] The issue of whether the statutory fee cap applies to cases brought under Section 1983 has not been addressed by the Court of Appeals.  The District Court in *Petties* certified the issue for immediate appeal, but the Court of Appeals dismissed the appeal for lack of jurisdiction.  *See Petties v. District of Columbia*, 227 F.3d 469, 472 (D.C. Cir. 2000).  The District Court subsequently determined that it will continue to "follow and apply its analysis in *Petties*" until the Court of Appeals addresses the question.  *See Blackman*, 145 F. Supp. 2d at 54.

[4] Section 1415(l) provides that "[n]othing in this chapter shall be construed to restrict or limit the rights, procedures, and remedies available under the Constitution, the Americans with Disabilities Act of 1990 [42 U.S.C.A. § 12101 et seq.], title V of the Rehabilitation Act of 1973 [29 U.S.C.A. § 791 et seq.], or other Federal laws protecting the rights of children with disabilities...."  20 U.S.C. § 1415(l); *see Walker*, 969 F. Supp. at 796 (noting that "Congress added this section to the IDEA to overturn the Supreme Court's decision in *Smith v. Robinson*, 468 U.S. 992 (1984), in which the Court held that the IDEA precluded claims under the Rehabilitation Act and the Equal Protection Clause").

52).  The savings clause preserves the ability of these plaintiffs to vindicate their IDEA rights through a suit under Section 1983.  *See Blackman*, 145 F. Supp. 2d at 52.

In this case, plaintiffs seek to avoid the application of the IDEA fee cap by framing their case as a Section 1983 action rather than an IDEA case.[5]  They base this argument on a literal reading of the text of 20 U.S.C. § 1415 ("Right to bring civil action"), which provides that "any party aggrieved by the findings and decision made under subsection (f) or (k) of this section ... and any party aggrieved by the findings and decision under this subsection, shall have the right to bring a civil action ... in a district court of the United States ...."  20 U.S.C. § 1415(i)(2)(A).  Because this case involved a suit for injunctive relief to enforce IDEA's "stay-put" provision, rather than a challenge to a hearing officer's determination, plaintiffs claim they are not "aggrieved" parties within the meaning of the section and therefore could not have brought a suit under the IDEA.  *See* Notice of Legal Authority at 2-3.

This argument, however, is in tension with years of clear precedent upholding the courts' ability in cases such as this to fashion appropriate equitable remedies under the IDEA, including

---

[5] Plaintiffs did not raise this Section 1983 theory until after the Court's Order on Summary Judgment, and then only after the Court's invitation to provide further briefing on plaintiffs' motion for attorneys' fees.  *See* Minute Order of 5/25/04.

6

74fddc8be31ca9a1

reimbursement. *See Reid v. District of Columbia*, __ F.3d ____, 2005 WL 678385 at *1 (D.C. Cir. March 25, 2005)(noting that "'appropriate' IDEA relief may include reimbursement for parents who place children in private school rather than accept a deficient public school IEP")(citing *School Comm. of Burlington v. Dep't of Ed. of Mass.*, 471 U.S. 359, 369 (1985)); *see also Mackey v. Bd. of Educ. for the Arlington Cent. Sch. Dist.*, 386 F.3d 158, 165 (2d Cir. 2004) (noting that "[c]ourts are empowered under the IDEA 'to order school authorities to reimburse parents for their expenditures on private school education"). Therefore, the Court declines to adopt plaintiffs' narrow reading of "parties aggrieved" and holds that this case was properly brought, and decided, under the IDEA. *See Nieves-Marquez v. Puerto Rico*, 353 F.3d 108, 116-17 (1st Cir. 2003) (upholding a broad reading of "parties aggrieved" in light of IDEA's overall structure and intent).[6]

## III. CONCLUSION

Because defendants do not oppose plaintiffs' petition for

---

[6] The Court expresses no opinion as to whether a cause of action could also have been brought under Section 1983. It simply notes that, in this case, the issues were properly litigated and decided under the IDEA. Furthermore, plaintiffs failed to allege any "custom or practice that is the moving force behind the alleged IDEA violations," which is normally a prerequisite to municipal liability under Section 1983. *See Walker v. District of Columbia*, 969 F. Supp. 794, 797 (D.D.C. 1997) (following *Monell v. Dep't of Social Services of the City of New York*, 436 U.S. 658, 694 (1978)).

attorneys' fees and costs in the amount of $30,791.21, and because the Court is satisfied that plaintiffs' attorney time and expenses are reasonable, it is hereby

**ORDERED** that Plaintiffs' Motion for Attorneys' Fees and Costs is **GRANTED;** and it is

**FURTHER ORDERED** that defendants shall, by no later than **May 1, 2005**, pay plaintiffs $30,791.21 in attorneys' fees, subject to any applicable statutory fee caps.  If not paid by May 1, 2005, it will bear interest at the rate established by 28 U.S.C. § 1961; and it is

**FURTHER ORDERED** that this case is removed from the active calendar of the court.

**SIGNED:**     **EMMET G. SULLIVAN**
          **UNITED STATES DISTRICT JUDGE**
          **March 31, 2005**